IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:23-HC-2051-M-RJ

ERION HOLLEY, )
)
Petitioner, )
)
v. ) ORDER
)
STATE OF NORTH CAROLINA, )
)
Respondent. )

Petitioner, a state pretrial detainee proceeding pro se, petitions this court for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The matter is before the court for initial review of the petition pursuant to 28 U.S.C. § 2243, providing that the court need not seek a response from the respondent when it is clear on the face of the petition that the petitioner is not entitled to relief. Also before the court is petitioner's motion for leave to proceed in forma pauperis [D.E. 5].

Petitioner seeks habeas corpus relief on the basis that there is no evidence supporting his arrest, he is being held under a high bond, he was arrested on hearsay, and he did not receive a probable cause hearing. (Pet. [D.E. 4] at 6–7).

A district court may grant habeas relief to a prisoner who "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(a), (c); see, e.g., Preiser v. Rodriguez, 411 U.S. 475, 487–88 (1973). Pretrial detainees may file a habeas corpus petition pursuant to § 2241. See 28 U.S.C. § 2241; United States v. Tootle, 65 F.3d 381, 383 (4th Cir. 1995). However, if the issues raised in a state pretrial detainee's petition may be resolved either by trial on the merits in state court or other available state procedures, the detainee must exhaust other available remedies to be eligible for habeas corpus relief under § 2241. See Timms v. Johns,

627 F.3d 525, 530–31 (4th Cir. 2010); Durkin v. Davis, 538 F.2d 1037, 1041 (4th Cir. 1976) ("Until the State has been accorded a fair opportunity by any available procedure to consider the issue and afford a remedy if relief is warranted, federal courts in habeas proceedings by state [inmates] should stay their hand." (internal quotations omitted)); see also Adams v. U.S. ex rel. McCann, 317 U.S. 269, 274 (1942) ("Of course the writ of habeas corpus should not do service for an appeal."); Jones v. Perkins, 245 U.S. 390, 391 (1918) ("It is well settled that in the absence of exceptional circumstances in criminal cases the regular judicial procedure should be followed and habeas corpus should not be granted in advance of a trial.").

Petitioner has not exhausted his available remedies in the state courts. (See Pet. [D.E. 4] at 1–7). Further, petitioner has not demonstrated exceptional circumstances excusing his failure to exhaust. Accordingly, the court will dismiss the petition without prejudice.

Alternatively, the court may not proceed with this action because federal courts are not authorized to interfere with a state's pending criminal proceedings, absent extraordinary circumstances. See Younger v. Harris, 401 U.S. 37, 44 (1971). Under Younger, a federal court must abstain from exercising jurisdiction and interfering with a state criminal proceeding if "(1) there is an ongoing state judicial proceeding brought prior to substantial progress in the federal proceeding; that (2) implicates important, substantial, or vital state interests; and (3) provides adequate opportunity to raise constitutional challenges." Nivens v. Gilchrist, 444 F.3d 237, 241 (4th Cir. 2006). However, there are three exceptions to Younger: "where (1) there is a showing of bad faith or harassment by state officials responsible for the prosecution; (2) the state law to be applied in the criminal proceeding is flagrantly and patently violative of express constitutional prohibitions; or (3) other extraordinary circumstances exist that present a threat of immediate and irreparable injury." See id. (quotations omitted). "[T]he cost, anxiety, and inconvenience of

2

having to defend against a criminal prosecution alone does not constitute irreparable injury." See id. (quotation omitted).

Petitioner's request for habeas relief falls within Younger. Petitioner is challenging an ongoing state criminal proceeding. Furthermore, "North Carolina has a very important, substantial, and vital interest in preventing violations of its criminal laws." Nivens v. Gilchrist, 319 F.3d 151, 154 (4th Cir. 2003). Lastly, petitioner's "pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights." Gilliam v. Foster, 75 F.3d 881, 904 (4th Cir. 1996). Petitioner has not alleged extraordinary circumstances sufficient to invoke an exception to Younger. Accordingly, the court abstains from considering petitioner's claims.

Reviewing the claims presented in the petition in light of the applicable standard, the court finds reasonable jurists would not find the court's treatment of any of petitioner's claims debatable or wrong, and none of the issues are adequate to deserve encouragement to proceed further. See Buck v. Davis, 137 S. Ct. 759, 777 (2017); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000). Accordingly, the court denies a certificate of appealability.

Based on the foregoing, the court DISMISSES WITHOUT PREJUDICE the petition and DENIES a certificate of appealability. Petitioner's motion for leave to proceed in forma pauperis [D.E. 5] is DENIED AS MOOT. The clerk is DIRECTED to close the case.

SO ORDERED, this the 4th day of June, 2024.

*Richard E. Myers II*
RICHARD E. MYERS, II
Chief United States District Judge

3